# CILENTI & COOPER, PLLC

ATTORNEYS AT LAW
708 Third Avenue – 6th Floor
New York, New York 10017

Telephone (212) 209-3933
Facsimile (212) 209-7102

April 18, 2019

**REQUEST FOR APPROVAL OF**
**FLSA SETTLEMENT**

**BY ECF**

Honorable Barbara Moses
United States Magistrate Judge
United States District Court
Southern District of New York
500 Pearl Street
New York, New York 10007

      Re:    **Freddy Castillo v. Park Pizza, Inc.**
              **Case No.: 18 Civ. 9735 (BM)**

Dear Judge Moses,

      We are counsel for the plaintiff in the above-captioned matter. We write jointly with counsel for the defendants, to respectfully request that Your Honor approve the settlement reached in this case, and dismiss the action in its entirety with prejudice, retaining jurisdiction to enforce the parties' agreement. The parties previously consented to this court's jurisdiction for all purposes.

**Nature of the Action and Settlement**

      This is an action for unpaid wages under the Fair Labor Standards Act, as amended, 29 U.S.C. §§ 201, *et seq.*, ("FLSA"), and the New York Labor Law, §§ 190, *et seq.*

      It was initially framed as a collective action; plaintiff moved for collective action certification on January 24, 2019. While the motion was pending (prior to opposition being filed), defendants offered plaintiff full relief with liquidated damages as calculated by plaintiff's counsel and alleged in the suit, and plaintiff agreed to withdraw his motion. As such, no other individuals are affected by the settlement.

      Plaintiff worked for the defendant-restaurant, owned by individual defendants Salvatore and Arturo Ientile. The parties exchanged payroll records and exchanged calculations of alleged damages. There were disputes about the hours, and wages, but as indicated, for purposes of

Hon. Barbara Moses
April 18, 2019
Page 2

settlement only, plaintiff was allowed most inferences. Additionally, settlement forecloses expensive attorneys' fees for all parties and allows the parties to finalize the ourcome on negotiated terms rather than allowing a judge or jury to decide the result. The parties respectfully assure the court that the settlement in this case is the result of extensive arms-length negotiation by parties represented by experienced counsel.

To avoid the expensive motion practice and collective action certification, we resolved the case. The settlement reached is as follows:

- $32,000 to Freddy Castillo
- $16,500 to Cilenti & Cooper, PLLC in satisfaction of fees and costs.

Plaintiff expressed satisfaction with the proposed resolution of this matter and the representation he received by our office. We note that the settlement will be paid over a period of twenty (20) installments, and the plaintiff and firm will both receive a proportionate share of each distribution. In other words, the firm will not receive its fee any sooner than the plaintiff receives his compensation under the settlement.

Had litigation proceeded, it is certain that attorneys' fees on both sides would have increased, but the plaintiff himself would not have fared significantly better and indeed he risked a smaller recovery after a protracted battle in court.

Other factors favored settlement rather than proceeding to judgment. For example, as with any small defendant, plaintiff and his counsel had legitimate concerns about the collectability of a significant judgment against the defendants. *Cabrera v. Roselea Int's Services*, 2011 WL 7096634 at *4 (M.D. Fla. Dec. 30, 2011) There is always risk that a corporate defendant will have no collectable assets for this uninsured claim.

**Litigation Risks and Possibility of Fraud or Collusion**

The adversarial nature of this litigation should weigh in favor of finding the proposed settlement to be fair and reasonable and not the result of overreaching on the part of the employer or some kind of collusion on the part of counsel with the owner. Indeed, the case ultimately settled after multiple conferences between counsel and during the pendency of collective action certification.

The settlement is unquestionably the product of arms-length negotiations between the parties following litigation. The parties' *proposed* settlement agreement is annexed hereto as Exhibit "A". As the court can observe, there is no confidentiality provision or other "red flags" as discussed by the Second Circuit and interpreting cases.

**Attorneys' fees**

Both the FLSA and the Labor Law provide for awards of attorneys' fees and costs to plaintiffs who prevail on their claims under those statutes. *See* 29 U.S.C. § 216(b) In the case at bar, prosecution of this matter began with drafting and filing of the complaint; managing document discovery; motion practice for court-facilitated notice to potential collective action members; extensive settlement negotiations; and continues with this submission and will continue until the last payment is made twenty (20) months after approval.

Through present, Cilenti & Cooper, PLLC incurred approximately forty (40) hours of attorney time, in addition to out-of-pocket expenses, as detailed in the attached invoice. Plaintiff is indigent and Cilenti & Cooper, PLLC has not received any remuneration for its time, or reimbursement of its expenses.

Plaintiff's attorney Peter H. Cooper, Esq. was admitted to the Southern District of New York in July 1997. He has litigated cases from inception through disposition in New York State Supreme Court, the Appellate Divisions of the New York Supreme Court, and the Federal District Courts for the Southern and Eastern Districts of New York. He has also appeared before the New York Court of Appeals. Mr. Cooper began his career as a litigation associate with the firm Martin, Clearwater and Bell. Since 2009, he has been a partner at Cilenti & Cooper, PLLC, which focuses on employment matters. As evidenced in the attached billing records, all work performed on this matter was conducted by Peter Cooper and his assistant Tatiana Cevallos, whose billable rates are $400.00 per hour and $100.00 per hour, respectively, for this case. We respectfully submit that these rates are in line with Mr. Cooper's level of experience and a law practice located in the Southern District. Cilenti & Cooper, PLLC respectfully submits its invoice for legal services, annexed as Exhibit "B". Cilenti & Cooper, PLLC's proposed fee represents one-third of the total settlement, and reimbursement of costs for filing and service of the complaint, representing a reduction of actual fees were the firm to have billed this matter on an hourly basis.

We note that defendants have not signed the agreement but have joined our office in making this application for approval. We ask the court to order the defendants to file a properly executed agreement and dismissal but not delay approval so as to not delay the agreed-upon payments.

We thank the court for its consideration of the case, and we do seek an order of dismissal with the right to return only in the event a problem arises concerning enforcement of the agreement. A proposed dismissal is provided as Exhibit "C".

Respectfully submitted,

CILENTI & COOPER, PLLC

By: _____
Peter H. Cooper

cc:   All counsel