UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

FREDDY CASTILLO,

        Plaintiff,

    -against-

Park Pizza, Inc., et al.,

        Defendants.

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 05/23/2019
```

18-CV-9735 (BCM)

**ORDER**

**BARBARA MOSES, United States Magistrate Judge**.

      The Court has received and reviewed the parties' Joint Letter dated April 18, 2019 (Dkt. No. 22), seeking approval of their fully-executed Settlement Agreement and Release of Claims (Agreement) (Dkt. No. 23-1) pursuant to *Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199 (2d Cir. 2015). The Agreement requires defendants Park Pizza, Inc. (Park Pizza), Arturo Ientile, and Salvador Ientile to pay $48,500 to plaintiff Freddy Castillo in full settlement of plaintiff's claims, including wage claims brought pursuant to the Fair Labor Standards Act (FLSA) and the New York Labor Law (NYLL). Ag. ¶¶ A, 1. Of this amount, $16,500 (representing one-third of the total settlement) will be paid to plaintiff's counsel in attorney's fees and costs. *See* Joint Ltr. at 3. The settlement consideration will be paid in twenty installments of $2,425.00 each, with the attorney's fees and costs paid "proportionally" out of each installment. Ag. ¶ 1.

      The Agreement includes a one-way release, limited to wage and hour claims, whereby plaintiff:

> [V]oluntarily and irrevocably releases and forever discharges DEFENDANTS, from and against any and all claims, obligations, debts, liabilities, demands, or causes or action of any kind whatsoever (all collectively referred to herein as the 'disputes') with respect to any alleged acts occurring before the effective date of this Agreement as it relates to any claim made by the PLAINTIFF that he was not paid overtime, minimum wage, spread of hours and/or other wages and/or tip credits, and was not provided with wage records in connection in with his employment in violation of the FLSA and the New York Labor Law.

Ag. ¶ 3. The Agreement defines "defendants" to mean "Park Pizza, Inc. or any other business entities doing business as Pizza Park, located at 1233 First Avenue, New York, New York 10065, and Arturo Ientile and Salvador Ientile, and said companies' successors, predecessors, parent [sic], their related domestic and foreign business entities, corporations, partnerships, and subsidiaries, as well as their respective current and former directors, officers, shareholders, partners, employees, assigns, and successors in interest, representatives, agents, insurers, both in their representative and individual capacities, and said individual's [sic] heirs, executors, administrators, successors, assigns, and attorneys." Ag. at 1. The Agreement also states that plaintiff is "waiving his right to recover money or other relief" in any action arising out of the released claims "before the United States Department of Labor, the New York State Department of Labor, or any other (U.S. or foreign) federal, state, or local government agency, department, or court as it relates to the claims released by the PLAINTIFF in Paragraph 3 herein." Ag. ¶ 4.

The Agreement does not contain a confidentiality clause,[1] nor a non-disparagement provision. There is a severability clause, which permits the Court to reform or discard any provision found to be "illegal or invalid" without affecting the validity of the remaining provisions. Ag. ¶ 8.

The Court concludes that the economic terms of the Agreement, including the fee award, are fair and reasonable as required by *Cheeks*, 796 F.3d at 206. Plaintiff worked for defendants as

---

[1] Oddly, in ¶ 4(a) of the Agreement, plaintiff "agrees that he has not discussed or disclosed this settlement to anyone other than his counsel." That may have been true as a factual matter as of the date on which plaintiff signed the Agreement. But ¶ 4(a) does not – and could not – bind him to remain silent about the settlement, or the facts underlying it, now or in the future. See, e.g., Souza v. 65 St. Marks Bistro, 2015 WL 7271747, at *4 (S.D.N.Y. Nov. 6, 2015) ("it would be the very rare case, if any, where confidentiality terms in a settlement agreement would be appropriate in resolving a wage-and-hour lawsuit given the policy concerns underlying the FLSA").

2

a food preparer, general helper, and delivery person from July 5, 2016, until August 30, 2018. Compl. ¶ 17-18. He claims that he worked, on average, sixty hours per week (ten-hour shifts, six days per week) and that he "was not paid for all hours worked" or provided "an overtime premium for hours worked in excess of forty [ ] each week." Compl. ¶ 20, 21. The settlement payment of $48,500 reflects plaintiff's "full relief with liquidated damages as calculated by plaintiff's counsel," Joint Ltr. at 1, and the attorney's fees and costs, taken together, amount to one-third of the total settlement. *See Garcia v. YSH Green Corp.*, 2016 WL 6779630, at *3 (S.D.N.Y. Nov. 14, 2016) ("Contingency fees of one third in FLSA cases are routinely approved in this Circuit." (collecting cases)).

The non-economic terms of the Agreement are also fair and reasonable under the *Cheeks* standard, with one exception: the release. *Cheeks* warned about abusive settlements containing "an overbroad release that would 'waive practically any possible claim against the defendants, including unknown claims and claims that have no relationship whatsoever to wage-and-hour issues.'" 796 F.3d at 206 (quoting *Lopez v. Nights of Cabiria, LLC*, 96 F. Supp. 3d 170, 181 (S.D.N.Y. 2015)).  In this case, the release is substantively narrow, only releasing "claims made by the PLAINTIFF that he was not paid overtime, minimum wage, spread of hours and/or other wages and/or tip credits, and was not provided with wage records in connection with his employment in violation of the FLSA and New York Labor Law." Ag. ¶ 3. Thus, there is no risk that the plaintiff is unintentionally releasing claims other than wage and hour claims.  However, when combined with the broad definition of "defendants" on the first page of the Agreement, the release – read literally – would have the undoubtedly unintended effect of releasing any wage and hour claims that plaintiff had against a wide range of unidentified individuals and business, even if those claims were unrelated to his work at the Pizza Park restaurant. See *Garcia v. Good for Life*

*by 81, Inc.*, 2018 WL 3559171, at *3 (S.D.N.Y. July 12, 2018) (declining to approve an FLSA settlement agreement where plaintiffs released all persons and entitles "related [to] or affiliated" with defendants, including otherwise undefined "family members," as well as all of the affiliates' employees).[2]

The Court presumes that the goal of the parties here was more modest, and that their intention was that plaintiff would release (i) all of the named defendants; (ii) Park Pizza's predecessors, successors, affiliates, subsidiaries, and divisions, if any; (ii) Park Pizza's current and former officers, directors, shareholders, and employees *in their capacities as such*; and (iii) all defendants' insurers, agents and assigns – again, *in their capacities as such*.

On that understanding – and relying if necessary on ¶ 8 of the Agreement to conform the definition of "defendants" to the language set out above for purposes of the release in ¶ 3 – the Court finds the Agreement is fair and reasonable, as required by *Cheeks*, 796 F.3d 199. It is hereby ORDERED that this action is DISMISSED with prejudice and without costs. At the request of the parties, the Court will retain jurisdiction for the sole purpose of enforcing the Agreement if necessary.

The Clerk of the Court is directed to close the case.

Dated: New York, New York
       May 23, 2019

**SO ORDERED.**

_____
**BARBARA MOSES**
**United States Magistrate Judge**

---

[2] By way of example only, plaintiff in this case could be deemed to have released wage and hour claims against an employer for whom he worked after he left Pizza Park – in a wholly different business – if that employer happened to be a former director, officer, or employee, or even an "insurer," of a corporation somehow "related" to Park Pizza.